IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RAYMOND TAYLOR,**
        **Petitioner,**

v.                               **Civil Action No.: 3:18-CV-125**

**F. ENTZEL, WARDEN,**
        **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On August 8, 2018, Petitioner, an inmate at FCI Hazelton[1], acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[2]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

### II. FACTUAL AND PROCEDURAL HISTORY

**A. Petitioner's Convictions and Sentences from the District of Columbia**

On Jun 8, 1988, Petitioner was arrested in the District of Columbia for armed robbery in District of Columbia Superior Court case number F67523-88C. ECF No. 9-2 at 9. Following that arrest, Petitioner's probation in prior District of Columbia Superior

---

[1] Petitioner has subsequently been transferred to Terre Haute Federal Correctional Institution.

[2] ECF Numbers cited herein refer to case number 3:18-CV-125 unless otherwise noted.

Court cases F1232-85B and F1232-85C was revoked, and he was ordered to serve the remaining 1,846 days of his sentence.  Id. at 11, 13.  On January 5, 1989, Petitioner was sentenced in DC Superior Court to a term of ten to thirty years of imprisonment for armed robbery in case number F6523-88C.  Id. at 15.

On September 14, 1989, while serving his District of Columbia sentence, Petitioner attempted to escape from custody.  ECF No. 9-2 at 3 ¶ 6.

On January 26, 1990, Petitioner was sentenced in DC Superior Court to a term of eleven to thirty-three years of imprisonment, in case number F10036-88, counts A, C, D and E.  ECF No. 9-2 at 3 ¶ 7, 17.  The sentence was to be served consecutive to any other sentence being served.  Id.

On May 14, 1990, Petitioner was sentenced in DC Superior Court to a term of sixteen to forty-eight years of imprisonment, in case number F11225-88, counts C, D, E and F.  ECF No. 9-2 at 4 ¶ 8, 19.  The sentence was to be served consecutive to any other sentence being served.  Id.

### B. Petitioner's Federal Conviction and Sentence

On August 31, 1990, Petitioner was sentenced in the United States District Court for the Eastern District of Virginia to a term of thirty-seven months for attempted escape in case number CR 90-00005-A.  ECF No. 92-at 21 – 22.

On February 21, 2008, the United States Parole Commission[3] received a notice from the District of Columbia Parole Board which advised that Petitioner was released

---

[3] Pursuant to D.C. Code Ann. § 24-131, "Not later than one year after August 5, 1997, the United States Parole Commission shall assume the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole, and to impose conditions upon an order of parole, in the case of any imprisoned felon who is eligible for parole or reparole under the District of Columbia Code."

2

"forthwith from custody of the Warrant issued by the D.C. Parole Board dated July 17, 1988 and close case in docket numbers F1232-85 and F480-86." ECF No. 9-2 at 26.

A parole hearing was conducted by the United States Parole Commission on February 14, 2018. ECF No. 9-2 at 28. As a result of that hearing, Petitioner was paroled effective June 6, 2018, "after the service of 360 months, to the consecutive 37-month Federal non-parable SRA sentence in CR 90-00005-A". Id.

Thereafter, the BOP prepared a sentence computation for the Petitioner to commence his 37-month sentence for attempted escape Eastern District of Virginia case number CR 90-00005-A. ECF No. 9-2 at 4, 30. With Good Conduct Time credited, Petitioner's projected release date is February 10, 2021. Id. at 36.

### C.     Instant Petition for Habeas Corpus Under § 2241

Petitioner filed the instant petition for habeas corpus on August 8, 2018, along with various exhibits, challenging the sentence imposed in the Eastern District of Virginia. ECF No. 1. Petitioner claims that the Federal Bureau of Prisons ("BOP") unlawfully denied him credit for time he served from April 17, 1991, through September 3, 1992, during which time he was incarcerated in USP Leavenworth in Leavenworth, Kansas. Id. at 5 – 8. Petitioner requested the Court to give him 18 months of credit toward his 37 month sentence for the time he was incarcerated at USP Leavenworth. Id. at 11.

On October 10, 2018, Respondent filed a Motion to Dismiss, or, in the alternative, for Summary Judgment, a memorandum in support thereof, and various exhibits to the memorandum. ECF Nos. 9, 9-1, 9-2. Respondent argues that Petitioner is not entitled to relief because his federal sentence did not commence until June 6, 2018, the date he was paroled by and released from the custody of the District of Columbia, and that all

prior custody was credited toward that District of Columbia sentence.  ECF No. 9-1.

Respondent further argues that Petitioner is not entitled to any prior custody credit based on 18 U.S.C. § 3585(b).  Id. at 6.  Further, Respondent argues that the BOP properly calculated Petitioner's sentence and that Petitioner is not entitled to have any time spent in DC custody credited against his federal sentence, as that would amount to double credit.  Id.

Petitioner filed a response in opposition on October 11, 2018.  ECF No. 10.  Essentially, Petitioner argues that because he was incarcerated in a federal penitentiary, he should receive credit toward his federal sentence.  Petitioner asserts, and Respondent concedes that Petitioner has exhausted his administrative remedies, which were denied.

### III.   LEGAL STANDARD

#### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.   Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se

pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

5

incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their

claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E.     Motions for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary

7

judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which

a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV. ANALYSIS

The United States Supreme Court has long recognized that 18 U.S.C. § 3585(b) does not authorize a district court to compute a defendant's jail credit at sentencing. United States v. Wilson, 503 U.S. 329, 334 (1992). Rather, it is the United States Attorney General, acting through the BOP, who is responsible for computing an inmate's term of confinement. This computation includes the determination of when the sentence commenced and the amount of credit for time served following a federal conviction and sentencing. Id. at 333. In making this computation, the BOP must adhere to 18 U.S.C.

§ 3585 which provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the defendant was arrested; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In <u>Wilson</u>, the Supreme Court expressly rejected Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing, reasoning that:

> Section 3585 indicates that a defendant may receive credit against a sentence that "*was imposed*." It also specifies that the amount of the credit depends on the time that the defendant "*has spent*" in official detention "prior to the date the sentence commences." Congress' use of a verb tense is significant in construing statutes. By using these verbs in the past and present perfect tenses, Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing.

<u>Wilson</u>, <u>supra</u>, at 333 (emphasis in original, internal citations omitted).

In the instant case, the Petitioner is seeking credit for the time he spent in custody in a federal penitentiary on his District of Columbia sentence, before he was released from that sentence to commence his federal sentence in the Eastern District of Virginia. Petitioner argues that he was "recommended by District Court Judge James C. Cacheris

10

at his sentenc[ing] hearing [to] be housed at a federal institution." ECF No. 10 at 2. Consistent with the language of § 3585(b) and the holding of Wilson, the BOP calculated Petitioner's sentence to commence on the date he was paroled from the District of Columbia, June 6, 2018. ECF No. 9-2 at 4 ¶ 12, 36. The BOP did not award Petitioner credit, nor was he entitled to credit, for the time served prior to his release from custody in the District of Columbia.

Petitioner's service of his District of Columbia sentence prohibited him from receiving credit for simultaneous custody credit for his federal sentence. Consistent with 18 U.S.C. § 3585(b), a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." Because Petitioner's was in detention in District of Columbia custody until June 6, 2018, he was not entitled to credit toward his federal sentence from his date of sentencing until he was released from state custody. Accordingly, Petitioner has received all custody credit to which he was entitled, and his request for relief is without merit.

Having considered the pleadings and arguments of the parties, and the evidence in the light most favorable to the nonmoving party, it appears that there is no genuine dispute as to any material fact presented. Accordingly, the Respondent is entitled to judgment as a matter of law.

## V.     RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**. I further **RECOMMEND** that Respondent's Motion

to Dismiss, or, in the Alternative, Motion for Summary Judgment [ECF No. 9] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** May 6, 2019

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE